UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wanda Maldonado,

                Plaintiff,

      - against -

City of New York, Does 1-10,

                Defendants.

14 Civ. 7784 (PKC) ECF CASE

Complaint and Jury Demand

Plaintiff, by her attorney, Michael G. O'Neill, complains against defendants as follows:

1. This is an action alleging violation of plaintiff's civil and constitutional rights and violation of state tort laws governing false arrest, battery, false imprisonment, negligent hiring, and negligent training.

2. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1331, 28 U.S.C. §1367, and 28 U.S.C. §1343.

3. Venue is proper in the Southern District because one or more defendants are residents of the Southern District.

4. Plaintiff is an individual and resides in the State of New York.

5. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

6. Defendant Does 1-10 are employees of the New York City Police Department ("NYPD").

7. On September 28, 2013, at about 4:30 in the morning, in the vicinity of East Tremont Avenue and Devoe Avenue in Bronx, New York, plaintiff and her daughter were

walking eastbound on East Tremont Avenue when they were stopped by officers of the NYPD.

8. The officers, one of whom is believed to be named "White" and whose names and identities are otherwise presently unknown to plaintiff, accused plaintiff's daughter of being involved in an altercation which allegedly took place a few hours prior at a Howard Johnson's hotel located at 1922 Boston Road, Bronx, New York.

9. The officers placed plaintiff's daughter under arrest and then said to plaintiff, "You're her mom, you're coming too," or words to that effect. The officers then arrested plaintiff without probable cause.

10. Plaintiff was searched at the scene of arrest.

11. Plaintiff and her daughter were handcuffed and placed together in an NYPD vehicle to be taken to the 48th Precinct.

12. En route to the 48th Precinct, while the vehicle was at a stop, one or more NYPD officers sprayed mace directly into the back seat of the vehicle in which plaintiff and her daughter were sitting in handcuffs.

13. The police officers had no justification whatsoever for spraying plaintiff and her daughter with mace while the two sat handcuffed in back of the police vehicle.

14. Plaintiff, who has asthma, suffered significant distress and harm as a result of being sprayed with mace by the officers.

15. Eventually, plaintiff and her daughter were taken to the 48th Precinct and confined there for approximately three (3) hours, at which point both plaintiff and her daughter were transferred to Central Booking.

16. Plaintiff was held at Central Booking for approximately ten (10) hours, until

about 7 p.m., at which point she was released through the rear door of Central Booking.

17. Plaintiff was never formally charged with a crime nor given any paperwork.

18. Plaintiff was never told she had to appear in court.

19. On or about November 13, 2013, and within 90 days of when her claim arose, plaintiff duly filed a Notice of Claim against defendant New York City for injuries suffered as a result of the false arrest, false imprisonment, and battery of plaintiff by its employees.

20. Thereafter, a 50-h hearing was held on April 24, 2014 pursuant to notice given by the City.

21. At least thirty days have elapsed since the demand or claim upon which this action is founded was presented to the City for adjustment or payment thereof, and the City has neglected or refused to make any adjustment or payment thereof.

22. This action is brought within one year and ninety days of the events complained of, as prescribed by statute.

## Claim One.

23. Does 1-10, one of whom is believed to be named "White" but whose identifies are otherwise presently unknown to plaintiff, violated plaintiff's right, guaranteed to her under the 4th Amendment of the United States Constitution, to be free of unreasonable search and seizure.

24. Does 1-10 were acting under color of state law, and are liable to plaintiff for her damages under 42 U.S.C. §1983.

## Claim Two.

25. Does 1-10, one of whom is believed to be named "White" but whose identifies are otherwise presently unknown to plaintiff, used excessive and unjustifiable force against plaintiff when they sprayed her with mace as she sat handcuffed and defenseless in the back seat of an NYPD cruiser.

26. Does 1-10 were acting under color of state law, and are liable to plaintiff for her damages under 42 U.S.C. §1983.

## Claim Three.

27. On September 28, 2013, Does 1-10, one of whom is believed to be named "White" but whose identifies are otherwise presently unknown to plaintiff, caused plaintiff to be falsely arrested.

28. As a result of her false arrest at the hands of Does 1-10, plaintiff suffered and continues to suffer substantial emotional and psychological injuries and distress.

## Claim Four.

29. On September 28, 2013, Does 1-10, one of whom is believed to be named "White" but whose identifies are otherwise presently unknown to plaintiff, caused plaintiff to be falsely imprisoned.

30. As a result of her false imprisonment at the hands of Does 1-10, plaintiff suffered and continues to suffer substantial emotional and psychological injuries and distress.

## Claim Five.

31. On September 28, 2013, Does 1-10, one of whom is believed to be named "White" but whose identifies are otherwise presently unknown to plaintiff, assaulted and battered plaintiff by spraying her with mace with no justification while she was handcuffed in the back of a NYPD vehicle.

32. As a result of the battery and the chemical effects of the mace, plaintiff, who has asthma, suffered physical injuries and severe emotional and psychological distress.

33. As a result of the battery and the chemical effects of the mace, plaintiff continues to suffer severe emotional and psychological distress.

## Claim Six.

34. The City was negligent in the hiring of Does 1-10.

## Claim Seven.

35. The City was negligent in the training of Does 1-10.

Dated: New York, New York
September 25, 2014

LAW OFFICE OF MICHAEL G. O'NEILL

By: _____
Kevin R. Schneider (KS9624)
Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
September 25, 2014

                                                  LAW OFFICE OF MICHAEL G. O'NEILL

                                                  By: _____
                                                       Kevin R. Schneider (KS9624)
                                              Attorneys for Plaintiff
                                              30 Vesey Street, Third Floor
                                              New York, New York 10007
                                              (212) 581-0990